UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FRANCHESCA PAOLA ALBERTO GARCIA, | ) |
| Petitioner, | ) |
| v. | ) No. 4:26-cv-00002-SEB-KMB |
| ANTHONY MILLS in his official capacity as Warden of the Clark County Jail, *et al.*, | ) |
| Respondents. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Franchesca Paola Alberto Garcia seeks a writ of habeas corpus requiring that she be released from U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that she receive a bond hearing. Because the undisputed facts demonstrate that Ms. Alberto Garcia is eligible for bond and that the government has not afforded her a hearing, the Court grants her petition by directing that she be afforded a bond hearing or released from detention.

**I. Facts**

The parties to do not dispute the material facts.

Ms. Alberto Garcia is a Venezuelan national. Dkt. 7-1 at 1. She entered the United States in December 2023 near Eagle Pass, Texas, and was promptly apprehended by the U.S. Border Patrol. *Id.* at 2. The government initiated a removal proceeding but did not detain Ms. Alberto Garcia. Instead, she was released on her own recognizance. *Id.* at 13.

On October 19, 2025, Ms. Alberto Garcia was booked into the Tippecanoe County Jail on a domestic battery charge. Dkt. 7-1 at 6. The Tippecanoe County judge set bond at $500.00. *id.* at 6. However, Tippecanoe County officers contacted ICE, which determined that she was not in the

United States lawfully and was subject to removal. *Id.* at 2. ICE took Ms. Alberto Garcia into custody on October 22, and she remains detained in the Clark County Jail at ICE's direction. *Id.* If she has appeared for any hearing before an immigration judge, it is not documented in the record.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Alberto Garcia contends that, by detaining her without considering bond, the government is holding her in custody in violation of both the Immigration and Nationality Act and the Fifth Amendment's due process protections. The government argues in response that she must be detained under 8 U.S.C. § 1225 or, alternatively, that this Court lacks jurisdiction to review the Attorney General's discretionary decision to withhold bond. Alternatively, the government argues, she is entitled to at most a bond hearing.

### A.   Detention Under § 1226

Ms. Alberto Garcia argues that the circumstances preceding her arrest and detention dictate that her detention must be governed by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole[.]

The respondents answer that Ms. Alberto Garcia's detention is governed by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be

detained" for the pendency of removal proceedings. They insist that, because Ms. Alberto Garcia has not been admitted to the United States by immigration officials, and because she opposes her removal, she is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 10 at 6–8. This position is untenable for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). "As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Id.* (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 10 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1]

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the facts of this case. It is not as though Ms. Alberto Garcia has evaded immigration authorities since she entered the United States in 2023. The government apprehended her near the border shortly after she entered the United States. The government initiated removal proceedings against her but chose to release her on her own recognizance instead of detaining her. It explicitly cited § 1226 as its authority for doing so. Dkt. 7-1 at 13. The government insists that it has no discretion under § 1226 to release Ms. Alberto Garcia because she is subject to compulsory detention under § 1225(b)(2)(A), but the government in fact exercised its discretion to release Ms. Alberto Garcia under § 1226 for almost two years.

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government exercised its

---

[1] The government offers a passing reference to *Cruz Rodriguez v. Oson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 1–2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

discretion to release Ms. Alberto Garcia; it cannot now insist that she is categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

## B.    Jurisdiction Under § 1226(e)

The respondents also argue that, even if Ms. Alberto Garcia's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over her claim. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. She has not rendered any judgment at all. She has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Ms. Alberto Garcia requested bond, an immigration judge considered her request on the merits and denied it, and she petitioned this Court for a different result. But there is no record that Ms. Alberto Garcia has appeared before an immigration judge. The government has not made a discretionary decision to detain her. It insists that it has no discretion. Section 1226(e) does not apply to this case.

### C. Relief Available

Ms. Alberto Garcia argues that her detention violates the Constitution and laws of the United States because her detention is governed by § 1226 and the government refuses to consider whether she may be released on bond as required by the statute. She contends that this violates both § 1226 and the Fifth Amendment and that she must be returned to her pre-arrest status—namely, release on her own recognizance.

Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Whether viewed through the scope of § 1226 or the Fifth Amendment, the appropriate relief for Ms. Alberto Garcia is a bond hearing—not immediate release. She maintains—and the Court agrees—that she is subject to § 1226, which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Ms. Alberto Garcia's custody is not unlawful because of the very fact that she is detained. Rather, her custody is unlawful because the government refuses to consider whether she may be released as the law requires.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Ms. Alberto Garcia has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Ms. Alberto Garcia be immediately released. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 1/16/2026

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

Nora Unverzagt Galindo
Flora Legal Group
nora.galindo@floralegalgroup.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov